IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH ALAN NEWSOME, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No.2:08cv390-MEF |
| | ) | (WO) |
| WARDEN KELLER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Kenneth Alan Newsome ("Newsome"), a federal prisoner incarcerated at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"), is before this court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1.) Newsome contends that a Bureau of Prisons regulation excluding him from eligibility for a sentence reduction upon successful completion of the Residential Drug Abuse Program was promulgated in violation of the Administrative Procedures Act and operates to violate his rights. For the reasons that follow, this court finds that Newsome's petition should be denied.

**I. BACKGROUND**

In 2003, Newsome was convicted in the United States District Court for the District of Idaho for distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and for carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). He was sentenced to a total term of 106 months' imprisonment. His

projected release date, assuming that he receives all good conduct time available, is April 20, 2011.

While housed at Montgomery FPC, Newsome was interviewed by Bureau of Prisons (the "Bureau" or "BOP") staff to determine his eligibility for participation in the Residential Drug Abuse Program ("RDAP") under 18 U.S.C. § 3621(e). Although Newsome was determined eligible to participate in RDAP and began participating in the program in September 2008, he was deemed ineligible for early release under 18 U.S.C. § 3621(e) because his conviction for carrying a firearm during and in relation to a drug trafficking crime was categorized as an excluding "crime of violence" under controlling BOP policy. Newsome filed formal and informal grievances at the institutional level, and he appealed the denial of those grievances to the BOP's Regional Director and the Central Office. Respondents concede that Newsome exhausted his administrative remedies concerning the issues raised in his petition.

## II.  DISCUSSION

As part of the 1994 Violent Crime Control and Law Enforcment Act, the BOP was charged with "mak[ing] available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." *See* 18 U.S.C. § 3621(b). This treatment program carries with it an early release component which gives the BOP discretion to reduce the sentence of an inmate by up to twelve months if the inmate was convicted of a nonviolent offense and completes the RDAP during his current confinement. *See* 18 U.S.C. § 3621(e)(2)(B). Thus, § 3621(e)(2)(B) provides inmates with

2

an incentive to enroll in and complete the treatment program.

Regulations implementing § 3621(e)(2)(B) subsequently excluded inmates who committed a felony involving the possession of a firearm from the early release incentive. The applicable regulation, 28 C.F.R. § 550.58, provides that "[i]nmates whose current offense is a felony ... [t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" are not eligible for early release. *See* 28 C.F.R. § 550.58(a)(1)(vi)(B). The BOP Program Statement interpreting and implementing § 550.58, Program Statement 5162.04, *Categorization of Offenses*, has two main sections. Section 6 lists offenses that the BOP categorizes as "crimes of violence" which, in all cases, preclude. an inmate's early release eligibility. Section 7 lists offenses that the BOP Director has determined, as an exercise of her discretion, exclude an inmate from early release eligibility. *See* Program Statement 5162.04, §§ 6 & 7. Newsome's firearm offense, a violation of 18 U.S.C. § 924(c), is specifically listed in § 6 of the Program Statement and is therefore a "crime of violence" excluding him from § 3621(e)(2)(B)'s early release benefit. *See* Program Statement 5162.04, § 6. Section 7 of the Program Statement, moreover, provides that, as an exercise of the BOP Director's discretion, an inmate whose offense was a felony that "involved the carrying, possession, or use of a firearm" is ineligible for early release. *See* Program Statement 5162.04, § 7.

Newsome argues that 28 C.F.R. § 550.58 – the regulation the BOP applied to him to deny him early release eligibility – is invalid because it was not promulgated in accordance with the Administrative Procedures Act ("APA"). In so arguing, he relies almost entirely on

*Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), in which the Ninth Circuit Court of Appeals held that the BOP's alleged failure to articulate a rationale in the administrative record for promulgating § 550.58 renders it "arbitrary and capricious," in violation 5 U.S.C. § 706(2)(A) of the APA.[1]  *Arrington*, 516 F.3d at 1116.

Newsome's reliance on *Arrington* is misplaced.  A circuit court's decision binds only the district courts sitting within its jurisdiction.  *See Thomas v. Middlebrooks*, 2007 WL 2083616, at *3 (N.D.Fla. Jul. 20, 2007).  Significantly, "no court outside the Ninth Circuit has followed *Arrington*, and most courts have rejected *Arrington* as contrary to *Lopez v. Davis*[, 531 U.S. 230, 240 & 244 (2001),]" in which the Supreme Court upheld the BOP's authority to preclude early release based on § 550.58.[2]  *See Ables v. Eichenlaub*, 2009 WL 722287, at *7 (N.D.Fla. Mar. 18, 2009) (collecting cases rejecting *Arrington*).  This court follows suit and declines to follow *Arrington*, finding the Ninth Circuit's reasoning in that

---

[1] Section 706(2)(A) of the APA provides, in pertinent part, that a reviewing court "shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]"  *See* 5 U.S.C. § 706(2)(A).  The Ninth Circuit in *Arrington* held that § 550.58 was an arbitrary and capricious exercise of the BOP's authority because it was enacted without providing any reason for excluding inmates with convictions involving firearms from RDAP early release eligibility. *Arrington*, 516 F.3d at 1112-14.

[2] In *Lopez*, the Supreme Court held § 550.58 to be a reasonable exercise of the BOP's discretion under § 3621(e)(2)(B). *See* 531 U.S. at 233.  Section 3621(e)(2)(B) gives the BOP discretion to grant or deny a sentence reduction, but leaves open the manner in which the discretion is to be exercised.  *Id*. at 233-36.  In addressing the issue, the Supreme Court stated: "The BOP need not blind itself to pre-conviction conduct that the agency reasonably views as jeopardizing life and limb."  *Id*. at 231.  "[T]he statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the BOP in implementing § 3621(e)(2)(B)."  *Id*. at 231-32.  *Lopez* also makes clear that "[w]hen an eligible prisoner successfully completes drug treatment, the [BOP] thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his prison term."  *Id*. at 241.

4

decision to be unpersuasive. In its comments in the Federal Register, the BOP explained that its promulgation of § 550.58, as then amended, was intended to address the legal issues raised by the courts of appeals in the litigation that followed the original enactment of that regulation and Program Statement 5162.02, so that the BOP could uniformly apply its policies throughout the country. *See* 65 Fed.Reg. 80747-48 (Dec. 22, 2000). "That rationale is not 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]' *See* 5 U.S.C. § 706(2)(A)." *Ables*, *supra*, 2009 WL 722287, at *7.

Moreover, § 550.58's statutory and regulatory background – which includes a history of interim rules and various amendments in the wake of litigation regarding the validity of the regulation – reflects a clear and consistent policy by the BOP to seek to implement a public safety rationale by excluding firearm offenders from early release eligibility because of the increased risk such offenders might pose to the public.[3] *See Mack v. Eichenlaub*, 2009 WL 1849961, at *2-4 (N.D. Fla. Jun. 26, 2009); *Gatewood v. Outlaw*, 560 F.3d 843, 847 (8th Cir. 2009). "This case involves agency rulemaking under 5 U.S.C. § 553, which provides only that the agency shall publish notice of the proposed rulemaking, afford interested persons an opportunity to participate, and 'incorporate in the rules adopted a concise general statement of their basis and purpose.' 5 U.S.C. § 553(c)." *Mack* at *6. Generally speaking, § 553 "established the maximum procedural requirements which Congress was willing to

---

[3]Numerous decisions discuss the statutory and regulatory background, the various interim rules, and the history of amendments leading to the promulgation of § 550.58(a)(1)(B) in 2000. *See, e.g.*, *Mack v. Eichenlaub*, 2009 WL 1849961, at *2-4 (N.D. Fla. Jun. 26, 2009); *Ables* at *2-4; *Muolo v. Quintana*, 593 F.Supp.2d 776, 778-81 (W.D.Pa. Jan. 8, 2009). Accordingly, the instant Recommendation omits a recitation of that background.

impose upon agencies in conducting rulemaking procedures. *Id*. (citing *Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 524 (1978)).

> Under Section 553, an agency determination need not be made "on the record" unless the statute being applied so requires. *United States v. Allegheny-Ludlum Steel Corp.*, 406 U.S. 742, 756-57, 92 S.Ct. 1941, 32 L.Ed.2d 453 (1972). Thus, the Ninth Circuit panel in *Arrington* erred when it disregarded the BOP's public safety rationale simply because the court could not find that rationale in an "administrative record," which, as the Eighth Circuit noted in *Gatewood v. Outlaw*, 560 F.3d 843, 847 (8th Cir. 2009), the *Arrington* court never defined but seemed to limit to the BOP's Federal Register notice in 2000 finalizing the previously interim rule.
>
> ....
>
> ... The Supreme Court discerned that public safety was the basis for the BOP's exclusion of firearm offenders and concluded that the BOP's rule was substantively reasonable in *Lopez*, 531 U.S. at 244. Therefore, 28 C.F.R. § 550.58 is valid under Sections 553(c) and 706(2)(A) of the APA. *See Gatewood*, 560 F.3d at 847-48; accord *Harrison v. Lamanna*, 19 Fed. Appx. 342 (6th Cir. 2001) (unpublished).

*Mack* at *6-7. *See also, e.g., Gatewood*, 560 F.3d at 848 ("[W]e have no difficulty concluding, as the Court obviously did in *Lopez*, that public safety was the contemporaneous rationale for the interim and final rules, and not [as the *Arrington* court concluded] merely a *post hoc* rationalization by appellate counsel."); *Muolo v. Quintana*, 593 F.Supp.2d 776, 778-81 (W.D.Pa. Jan. 8, 2009) ("[T]he public safety rationale justifying the categorical exclusion of inmates whose current offense is a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosive was not a '*post hoc*' rationalization, but was evident in the litigation that prompted the amendment to 28 C.F.R. 550.58 (1995) and which the Bureau referenced in the Federal Register."). "Given the

6

[BOP's] primary public safety mission, there is simply no reason to suspect that public safety was not the actual basis for its interim and final rules." *Gatewood*, 560 F.3d at 848.

For these reasons, this court finds that the BOP's rationale for promulgating § 550.58 withstands the APA's highly deferential standard of review. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983) (explaining narrow scope of judicial review of agency decisions); *Sierra Club v. Johnson*, 541 F.3d 1257, 1264 (11th Cir. 2008) ("[W]e give deference to a final agency decision by reviewing for clear error, and we cannot substitute our own judgment for that of the agency."). *See also Ables* at *7. The court therefore rejects Newsome's claim that § 550.58 is invalid. In the end, the BOP properly excluded Newsome from early release eligibility because of his 18 U.S.C. § 924(c) conviction and because he was convicted of a felony that involved the carrying, possession, or use of a firearm.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be DENIED as the claims therein do not entitle Newsome to any relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 19, 2010. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and

recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 5th day of May, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE